William C. Hecht, J.
This is a motion to stay a proposed arbitration. The arbitration clause in the agreement between the parties provides for arbitration of 11 any controversy or claim arising out of or relating to this contract, or the breach thereof, including all questions arising in the ascertainment of the value of shares as herein provided.” The agreement, by its terms, covers such matters as the election and continuation of the parties as directors of the corporation, the officers for the first *914 year of the agreement, salaries, employment of parties, transfers of stock, rights of stockholders to purchase the stock of other stockholders, issuance of stock, and restrictions upon the right of stockholders for a limited period after leaving the corporation’s employ, to solicit business from corporate customers. The agreement does not, however, make any provision for the manner in which the parties thereto are to conduct themselves in the operation of the corporation, and the arbitration clause is, accordingly, inapplicable to the issue sought to be arbitrated, such as petitioner’s alleged conduct of a competing business, his removal of corporate property, and his appropriation to himself of corporate orders and assets.
Respondents seek to have the arbitrators (1) remove petitioner as a director and as president, (2) find that he left the corporate employ as of the date of his earlier dereliction in his duties, (3) enjoin petitioner from soliciting business in violation of the agreement, and (4) require petitioner to account and make restitution.
Since the agreement provides that petitioner shall continue as a director for the duration of the agreement, Ms removal as a director would entitle Mm to arbitrate the propriety of his removal. Arbitration may not, however, be resorted to in order to accomplish petitioner’s removal, for a dispute, to be arbitrable, must be one “ which may be the subject of an action ” (Civ. Prac. Act, § 1448), and no action may be brought to remove a director, except by the Attorney-General (Matter of Burkin [Katz], 1 N Y 2d 570). In the cited case, the Court of Appeals held that the removal of a director for alleged misconduct could not be effected through arbitration, although the propriety of an accomplished removal (by stockholders or others) could be arbitrated.
The removal of petitioner as president may likewise not be accomplished by arbitration for the agreement provides merely that the presidency of petitioner shall continue for the first year, wMch expired prior to the demand for arbitration. The removal of petitioner as president after the first year would, therefore, constitute no breach of the agreement and would present no question within the scope of the arbitration clause, quoted above.
The other matters sought to be arbitrated also relate to matters not covered by the agreement and therefore not within the ambit of the arbitration clause.
The prohibition in the agreement against solicitation of corporate customers is not applicable, since no charge is made in the arbitration demand that petitioner solicited orders from such customers. The charge is only that he appropriated to himself orders wMch the corporation had received. It is, accordingly, *915 unnecessary to determine whether the covenant not to solicit customers is applicable while petitioner is still in the corporate employ.
For the reasons indicated the motion to stay arbitration is granted. Settle order.