Jacob Markowitz, J.
This is a motion to compel arbitration pursuant to a stockholders’ agreement in a closed corporation in which the corporation is a party whereby it is provided that 11 Any dispute, controversy or claim arising out of or concerning or relating to this Agreement or its interpretation, breach, cancellation, performance or non-performance, will be settled and determined by arbitration ’ ’. There is also contained therein an agreement by the corporation to employ the stockholders as managers of the corporation with fixed compensations and “ such additional equal compensation * * * as may be determined from time to time by unanimous vote of the Board of Directors ”.
Plaintiff is a stockholder, officer and director of the corporation as are the individual defendants. The gravamen of the complaint appears to be that the individual defendants caused the corporation to pay them salaries in excess of the amounts agreed to be paid under the terms of the agreement.
In resisting arbitration, plaintiff asserts that he is seeking redress on behalf of the corporation for the individual defendants’ breach of fiduciary duty, and that such derivative suits for misconduct and waste are not arbitrable.
With this the court cannot agree. The complaint, despite its derivative suit plumage, alleges nothing more than a charge by one of the signatories of a contract that those he contracted with breached its terms. Since such controversy might be ‘ * the subject of an action ”, it is arbitrable and provision for arbitration is made (Civ. Prac. Act, § 1448). The arbitration provision here involved is broad in its terms and unambiguous in its *476 meaning. As such the dispute here involved is a proper one within its coverage (Matter of Carl, 263 App. Div. 887; Matter of Landersman, 280 App. Div. 963).
Plaintiff's reliance on Hotcaveg v. Lightman (N. Y. L. J., Oct. 13,1960, p. 16, col. 6) is misplaced. Not only was the corporation not a party to the agreement there involved, and, therefore, not bound by arbitration provisions “intended to cover only the relationship among the stockholders, inter se ” (id.), but the charges therein made go much beyond the mere allegations of contractual breach found in the matter at bar.
Nor is the decision of the Court of Appeals in Matter of Burkin v. Katz (1 N Y 2d 570) controlling. The court in that case held that the matter of ousting a corporate director for alleged misconduct was not arbitrable since no action may be brought to remove a director, except by the Attorney-General (General Corporation Law, § 61), and, therefore, a dispute between the parties “ which may be the subject of an action ” (Civ. Prac. Act, § 1448) was nonexistent. (See, also, Matter of Ades, 12 Misc 2d 913.) The fact that the contract in the Burkin case had unanimity requirements for the transaction of any and all business in which the vote or consent of the stockholders was áuthorized or required does not, as is here contended, have any bearing on the fact that the compensation clause in the instant case called for unanimity of action by the board of directors. The court's comments with respect to the unanimity provision were solely referable to its observations that such a clause abrogated the common-law power of stockholders to remove a director for cause. There is no analogous situation here.
The parties in this action are involved in a dispute as to whether an agreement between them was breached. Since all the interested parties are signatories to the contract, there is no question that an arbitrator’s award can settle the controversy and, if necessary, effect restitution. The determination of an arbitrator as to whether in fact a breach was made would not, as is argued, be an improper delegation to the arbitrator of management policy. Under the terms of the agreement he will have before him only the issue of breach of contract. There is no indication that he will be or could be required to pass on the advisability of the raises of salary herein made or any other determination of corporate policy.
Plaintiff cannot by use of boiler plate derivative suit allegations evade an arbitration agreement voluntarily made. The controversy is clearly referable to the arbitration provision and the parties should be left to the forum they agreed upon (Clark v. Dodge, 269 N. Y. 410). The motion is accordingly granted.